IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-CR-30003-DWD |
| | ) | |
| | ) | |
| BARRY BOYCE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Barry Boyce's Motion to Transfer Jails. (Doc. 735). Boyce entered a plea of guilty on December 7, 2022, and he is currently housed at the Clinton County Jail pending sentencing. Since being detained in the Clinton County Jail, Boyce has experienced several medical issues. He requests a transfer to Pulaski County Jail where he believes he would have access to better medical care. The Pulaski County Jail is also closer to Boyce's family. Boyce indicates that being at a facility where his family can more easily visit him will help to relieve the anxieties he is currently experiencing.

### Discussion

The Court sympathizes with Boyce's recent medical issues and appreciates the importance of being housed at a facility that is close to family. However, the place of detention of a pretrial detainee is a matter within the discretion of the United States Marshals Service ("USMS"). *See* 18 U.S.C. § 4086 ("United States marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of

1

Congress pending commitment to an institution."); 28 CFR § 0.111(k) (the Director of the USMS has broad authority for the "[s]ustention of custody of Federal prisoners from the time of their arrest by a marshal or their remand to a marshal by the court, until the prisoner is committed by order of the court to the custody of the Attorney General for the service of sentence."). The USMS also has the authority for the "acquisition of adequate and suitable detention space, health care and other services and materials required to support prisoners under the custody of the U.S. Marshal who are not housed in Federal facilities." 28 C.F.R. § 0.111(o).

Courts have recognized that these statutes and regulations provide the USMS with broad authority to determine where to house its prisoners. *See e.g., Falcon v. Bureau of Prisons,* 852 F. Supp. 1413, 1420 (S.D. Ill. 1994) (Attorney General has discretion to select "appropriate forum for the pretrial detention of a defendant awaiting trial."); *Saunders v. United States,* 502 F.Supp.2d 493, 496 (E.D.Va. 2007) ("This open-ended authority recognizes the Marshals Service's need to 'weigh concerns of expense, administration, payment, access to the premises, and the veritable plethora of factors' " relative to placement.) (quoting *Williams v. United States,* 50 F.3d 299, 310 (4th Cir. 1995).

The Court is not aware of any authority empowering it to supplant the discretion of the USMS in its selection of where to detain Boyce. Accordingly, the motion must be denied. The Court, however, has relayed Boyce's motion to the USMS, and the USMS has indicated that it is in the process of addressing the matters raised therein.

## Conclusion

For the reasons discussed herein, Boyce's Motion to Transfer Jails (Doc. 735) is **DENIED**. Boyce, however, may refile his motion if he continues to experience difficulties with medical care at the Clinton County Jail.

**IT IS SO ORDERED.**

Dated: January 9, 2023

*s/David W. Dugan*
DAVID W. DUGAN
United States District Judge
